UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACK C. LEESON,

        Plaintiff,

        v.

TRANSAMERICA DISABILITY INCOME
PLAN, AEGON USA LONG TERM
DISABILITY PLAN, and THE PRUDENTIAL
INSURANCE COMPANY OF AMERICA,

        Defendants.

CASE NO. C04-471RSM

ORDER ON MOTION FOR REMAND
TO CLAIMS ADMINISTRATOR

     Plaintiff filed this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), alleging that his long-term disability benefits were wrongfully terminated. The case was dismissed by this Court on a motion for summary judgment. That ruling was vacated by the Ninth Circuit Court of Appeals, and the matter is now before the Court for consideration of defendants' motion for remand to the claims administrator. Dkt. # 79. Defendants assert that the appellate court's direction for this Court to conduct *de novo* review conflicts with the Supreme Court's later ruling in *Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2343 (2008) ("*Glenn*"), and that pursuant to Ninth Circuit precedent, remand to the claims administrator is appropriate. *See*, *Saffle v. Sierra Pacific Power Company Long Term Disability Income Plan*, 85 F. 3d 455 (9th Cir. 1996) ("*Saffle*"). Plaintiff has opposed the motion for remand. For the reasons set forth, the Court shall deny the motion.

ORDER ON MOTION FOR REMAND - 1

The Ninth Circuit Court of Appeals determined that *de novo* review is required in this case because "the procedural violations in the Plan's letters terminating Leeson's benefits were 'so flagrant as to alter the substantive relationship between the employer and employee.'" Dkt. # 79-2, p. 3; quoting *Abatie v. Alta Health & life Insurance Co.*, 458 F. 3d 955, 971 (9th Cir. 2006) (en banc). Defendants argue that this ruling, issued May 23, 2008, is at odds with the Supreme Court's June 19, 2008 decision in *Glenn*, and that instead of applying *de novo* review as ordered, this Court should remand to the claims administrator as directed in *Saffle*. In so arguing, defendants have placed undue emphasis on the Supreme Court's statement in *Glenn* that "[w]e do not believe that *Firestone's* statement implies a change in the *standard* of review, say, from deferential to *de novo* review." *Glenn,* 128 S. Ct. at 2350 (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) (emphasis in original).

In *Firestone*, the Supreme Court set forth the rule that in ERISA cases, a conflict of interest should "be weighed as a 'factor in determining whether there is an abuse of discretion.' " *Firestone*, 489 U.S. at 115, quoting Restatement (Second) of Trusts § 187. In *Glenn,* the Supreme Court declined to overturn *Firestone* "by adopting a rule that in practice could bring about near universal review by judges *de novo—i.e.*, without deference—of the lion's share of ERISA plan claims denials." *Glenn*, 128 S. Ct. 2350. However, the Court did **not** state that *de novo* review is never appropriate. Instead, the Court reiterated and explained the *Firestone* rule that a conflict of interest is but one factor of many which a reviewing court must take into account when determining whether there has been an abuse of discretion. *Id.* at 2350-51.

Defendants contend that *Glenn* overcomes the Ninth Circuit determination that this Court should conduct *de novo* review. Defendants assert that "[o]n May 23, 2008, the court of appeals was not—and could not have been—aware of the Supreme Court's subsequent June 18, 2008 ruling in *Glenn* that deferential review is not replaced with *de novo* review where there is a conflict of interest." Defendants' Motion to Remand, Dkt. # 79, p. 5. However, the Ninth Circuit's determination that *de novo* review is appropriate in this case was not based on finding a conflict of interest; instead it was, as set forth above, triggered by "flagrant" procedural violations in the Plan's handling of plaintiff's claim. Further, subsequent post-*Glenn* decisions by the Ninth Circuit Court of Appeals have confirmed the continued

viability of *de novo* review in appropriate circumstances. *See, e.g., Vaught v. Scottsdale Healthcare Corporation Health Plan*, 546 F. 3d 620, 633 (9th Cir. 2008) ("Accordingly, we remand to the district court to review the plan administrator's decision to deny Vaught's claim for benefits. The district court should decide in the first instance whether allowing additional evidence outside the administrative record is appropriate in this case, and **whether *de novo* or deferential review applies to the Plan's decision."**(citing *Glenn*) (emphasis added)). Here, it has not been left to this Court to decide the appropriate standard of review; only the possibility of discovery to obtain additional evidence remains open to determination. *See*, Memorandum Opinion, Dkt. # 79-2, p. 8.

Defendants also cite the Ninth Circuit's opinion in *Saffle* for its procedural ruling on remand to the claims administration. In *Saffle*, the appellate court ruled that where a plan administrator has misconstrued the plan and applied the wrong standards, remand to the plan for a new determination is appropriate. *Saffle*, 85 F. 3d at 461. However, where the administrator abused discretion by rendering a decision without explanation, or by relying on erroneous factual findings, such remand is not appropriate. *Id*. at 460. Further, the Ninth Circuit later limited *Saffle* as standing "for the proposition that 'remand for reevaluation of the merits of a claim is the correct course to follow when an ERISA plan administrator, with discretion to apply a plan, has misconstrued the Plan and applied a wrong standard to a benefits determination.'" *Grosz-Salomon v. Paul Revere Life Insurance Co*, 237 F. 3d 1154, 1163 (9th Cir. 2001). That is not the situation here, and *Saffle* is inapplicable.

Defendants' motion for remand to the administrator is accordingly DENIED. The parties shall confer and submit a joint status report, with their respective proposals for discovery and dispositive motions dates, by March 1, 2009.[1]

DATED this 6 Day of January 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[1]This date was chosen in recognition of counsel's Notice of Unavailability, Dkt # 85.